UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CENAC INLAND, LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 12-2260** |
| **RIVER VALLEY SHIPYARDS, LLC, et al.** | **SECTION: "G" (4)** |

## ORDER AND REASONS

Before the Court is Defendants River Valley Shipyards, L.L.C. ("River Valley") and United Shipyards, L.L.C.'s ("United") (collectively, "Defendants") "Rule 12(b)(6) Re-Urged Motion to Dismiss Plaintiff's Second Amended Petition,"[1] wherein Defendants seek to dismiss Plaintiff Cenac Inland, LLC's ("Plaintiff") claim for unjust enrichment. After considering the complaint, the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will grant the pending motion.

## I. Background

### *A. Procedural Background*

Plaintiff filed the initial complaint in this matter on September 12, 2012, invoking this Court's diversity jurisdiction.[2] In the complaint, Plaintiff brought claims against Defendants for delictual conversion, unjust enrichment, and revocation or fraudulent conveyance. On September 24, 2012, Plaintiff filed a first amended complaint adding several new defendants.[3] On November 29, 2012, Plaintiffs filed a second amended complaint, which withdrew without prejudice the

---

[1] Rec. Doc. 60.

[2] Rec. Doc. 1.

[3] Rec. Doc. 7.

revocation or fraudulent conveyance causes of action, and added causes of action for "return of property," and unfair trade practices.[4]

On December 13, 2012, Defendants filed the pending motion to dismiss Plaintiff's unjust enrichment claim.[5] Plaintiff filed an opposition on January 2, 2013.[6] On March 21, 2013, this Court ordered Plaintiff to amend the complaint to allege properly the citizenship of all parties so that this Court could determine subject matter jurisdiction.[7] Plaintiff complied with the Court's order and filed a third amended complaint to allege properly the citizenship of each party on March 21, 2013.[8]

## *B. Factual Background*

In the complaint, Plaintiff claims that on April 11, 2011, it entered into a "Vessel Construction Contract" with River Valley, in which River Valley agreed to construct and deliver three inland towing vessels having specific dimensions.[9] Plaintiff avers that the parties agreed upon a price of $432,300.00 per vessel, and that Plaintiff was required to make a 50% down payment at the beginning of construction of each vessel.[10] Plaintiff claims that pursuant to the Vessel Construction Contract, all title and interest in the vessels, their equipment, and work materials passed to Plaintiff to the extent progress payments were made, and that Louisiana law applied to all

---

[4] Rec. Doc. 58.

[5] Rec. Doc. 60.

[6] Rec. Doc. 63.

[7] Rec. Doc. 75.

[8] Rec. Doc. 76.

[9] *Id.* at ¶ 6.

[10] *Id.*

2

issues arising from the contract.[11] United was the owner of the premises where the vessels were being constructed and intervened in the contract to permit construction at its facility, and to waive any lien, claim or privilege against the vessels so constructed.[12]

According to Plaintiff, construction on the first two vessels began shortly after the contract was signed.[13] However, on July 27, 2011, Plaintiff was forced to cancel the contract because one of its competitors filed a lawsuit to obtain a temporary restraining order prohibiting Plaintiff from operating or constructing inland towing vessels. As of the cancellation, Plaintiff had paid River Valley $371,166.97 towards construction of the vessels.[14] Plaintiff claims it promptly offered terms for cancellation to River Valley. Plaintiff offered to pay $102,235.82 to the supplier of steel for the first two hulls (NAMASCO) to provide River Valley with sufficient working capital to complete the first hull.[15] Plaintiff believed that River Valley would use this money in addition to the money Plaintiff had already given it to complete the first hull; that hull would then be sold and the proceeds from that sale would be used to complete the second hull. Plaintiff claims it expected that after the second hull was completed, River Valley would remit $259,066.14 to Plaintiff.[16]

Plaintiff claims that Defendants requested Plaintiff make the $102,235.82 payment to NAMASCO, which it did.[17] However, Plaintiff maintains that Defendants never responded to its

---

[11] *Id.* at ¶¶ 7-8.

[12] *Id.* at ¶ 9.

[13] *Id.* at ¶ 10.

[14] *Id.*

[15] *Id.* at ¶ 11.

[16] *Id.*

[17] *Id.* at ¶ 12.

3

termination offer, and instead proceeded with the construction of all the vessels. The first two hulls were sold to R&R Boats, Inc., and Defendants retained all the proceeds. Plaintiff claims the purchase price for each hull was $450,000.00.[18] Plaintiff claims that Defendants had no right to sell any portion of the vessels, as their components became owned legally by Plaintiff to the extent Plaintiff made a total of $471,402.79 in progress payments.[19] In response, Plaintiff filed suit claiming causes of action for delictual conversion, unjust enrichment, "return of property," and unfair trade practices.[20]

## II. Parties' Arguments

In support of the pending motion, Defendants argue that Plaintiff's unjust enrichment claim should be dismissed because that cause of action is not available if the law provides Plaintiff with another remedy.[21] Defendants explain that under Louisiana law, a claim of unjust enrichment requires proof of the following elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other remedy at law.[22] Specifically, Defendants contend that Louisiana Civil Code Article 2298, which Plaintiff cites in support of its claim, provides that an unjust enrichment claim "shall not be available if the law provides another remedy.[23]

---

[18] *Id.* at ¶ 13.

[19] *Id.* at ¶ 14.

[20] *Id.* at ¶¶ 15-27.

[21] Rec. Doc. 60-1 at p. 3.

[22] Rec. Doc. 60-2 at p. 4 (citing *Bamburg Steel Bds, Inc. v. Lawence Gen. Corp.*, 36,005 (La. App. 2 Cir. 5/8/02); 817 So. 2d 427, 438). Defendants have incorporated by reference all arguments previously made in another filing. Rec. Doc. 60-1 at p. 3 n. 1.

[23] Rec. Doc. 60-2 at pp. 4-5.

4

Defendant cites a recent case from another section of this Court, claiming that the court granted a Rule 12(b)(6) motion to dismiss an unjust enrichment because the plaintiff had pursued other remedies.[24] Defendants contend that this decision is consistent with recent Louisiana Supreme Court precedent which held that where a plaintiff pleads another delictual action, he may not also pursue an unjust enrichment claim.[25] As such, Defendants argue that because Plaintiff has pled multiple claims based on the same allegations that form the basis of its unjust enrichment claim, as a matter of law, it may not maintain its unjust enrichment claim.[26]

In addition, Defendants argue that Plaintiff's unjust enrichment claim must be dismissed because the previous existence of a contract precludes recovery in quasi-contract for events arising out of the same subject matter.[27] Defendants note that Plaintiff has acknowledged that the parties' rights concerning the construction of the vessels and payment were governed by a valid and enforceable contract.[28] Defendants claim that under Louisiana law "where a contract exists, there can be no recovery in quantum meruit."[29] Further, Defendants point out that Plaintiff claims Defendants were "unjustly enriched" by the payments it made pursuant to the written contract.[30]

---

[24] *Id.* (citing *Westbrook v. Pike Elec., L.L.C.*, 799 F.Supp. 2d 665, 672-73 (E.D. La. 2011) (Duvall, J.)).

[25] *Id.* (citing *Walters v. MedSouth Record Mgmt., LLC*, 10-0353 (La. 6/4/10); 38 So. 2d 243, 244) ("Having pled a delictual action, we find plaintiff is precluded from seeking to recover under unjust enrichment.")).

[26] *Id.* at p. 6.

[27] *Id.* at p. 7.

[28] *Id.*

[29] *Id.* (citing *Bamburg*, 817 So. 2d at 438; *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 376 (5th Cir. 2003)). "Quantum meruit" is synonymous with "unjust enrichment." *Wilkins v. Hogan Drilling Co., Inc.*, 471 So. 2d 863, 867 (La. App. 2 Cir. 1985) ("Unjust enrichment, or quantum meruit as it is also called, is an equitable doctrine based upon the principle that one who benefits from another's labor and materials should not be unjustly enriched thereby and the law implies a promise to pay a reasonable amount even in the absence of a specific contract.").

[30] *Id.* at p. 8.

Defendants argue that Plaintiff "cannot elect to terminate the Contract, allege that Defendants received payments in accordance with the Contract, and then reframe those facts as a claim for unjust enrichment."[31]

In opposition, Plaintiff concedes that if an alternative cause of action exists, the unjust enrichment claim may not be pled.[32] However, Plaintiff claims that it "only brought the unjust enrichment claim in the alternative and in the event the Court were to find that it had no other available remedy. If the Court is satisfied that [Plaintiff] has another remedy, then the motion is well taken."[33] Plaintiff further does not dispute that where there is a contract between the parties, a claim for unjust enrichment fails as a matter of law.[34] Plaintiff notes, however, that in the second amended complaint it expressly alleges that the contract between the parties was terminated, "and if that fact is true, the existence of the contract would not bar the unjust enrichment claim."[35] Plaintiff cites to authority from the Louisiana Court of Appeal for the Second Circuit, which it claims supports its position that "if the Court concludes that the contract was terminated, then it would not be an impediment to [Plaintiff's] claims [for unjust enrichment]."[36]

---

[31] *Id.* (citing *Fed. Royalty Co. v. Knox*, 114 F.2d 78, 80 (5th Cir. 1940) ("It is the general rule that a person may not abandon a contract and recover on a quantum meruit.)).

[32] Rec. Doc. 63.

[33] *Id.* at p. 2.

[34] *Id.*

[35] *Id.* This pleading was filed before Plaintiff filed the third amended complaint. However, both the second amended and third amended complaints aver that the contract at issue was canceled. *Compare* Rec. Doc. 58 at ¶¶ 10-11, *with* Rec. Doc. 76 at ¶¶ 10-11.

[36] Rec. Doc. 63 at pp. 2-3 (citing *Bamburg*, 817 So. 2d at 427).

### III. Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[37] "A motion to dismiss on the basis of the pleadings alone should rarely be granted."[38] Although a court must accept the factual allegations in the pleadings as true, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[39] "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[40] Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.[41]

### IV. Law and Analysis

As recognized by both parties above, the requisite elements of a claim for unjust enrichment are: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other remedy at law.[42] For the purposes of the pending motion to dismiss, the parties only dispute whether there is another remedy at law, and if therefore Plaintiff's claim for unjust enrichment fails as a matter of law. In *Walters v. MedSouth Record Management, LLC*, the plaintiff

---

[37] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[38] *Madison* v. *Purdy*, 410 F.2d 99, 100 (5th Cir. 1969).

[39] *Doe*, 528 F.3d at 418 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[40] *Drs. Bethea, Moustoukas & Weaver, LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 n. 7 (5th Cir. 2004) (quoting *Fernandez-Montes v. Allies Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[41] *Twombly*, 550 U.S. at 555-56.

[42] *Baker v. Maclay Props. Co.*, 94-1529 (La. 1/17/95); 648 So. 2d 888, 897.

filed suit alleging that the defendant caused him injury as a result of tortious conduct.[43] The defendant filed an exception for prescription, a Louisiana state law equivalent to a motion to dismiss in federal court, and the trial court granted the motion. The plaintiff then amended the petition to allege that the defendant was unjustly enriched. Again, the defendant sought to dismiss the plaintiff's claim. However, this time the defendant was rebuffed by both the trial court and intermediate appellate court.[44]

Upon review before the Louisiana Supreme Court, the court acknowledged that "[t]he unjust enrichment remedy is 'only available to fill a cap in the law where no express remedy is provided.'"[45] The Louisiana Supreme Court noted that in the original petition, the plaintiff claimed that his alleged injuries were caused by negligent and tortious conduct on the part of the defendant. Therefore, the court reasoned that "[h]aving pled a delictual action, we find plaintiff is precluded from seeking to recover under unjust enrichment."[46] The court also held that it was of "no moment" that the plaintiff's tort claim had prescribed because "[t]he mere fact that a plaintiff does not successfully pursue another remedy does not give the plaintiff the right to recover under the theory of unjust enrichment."[47] Therefore, the Louisiana Supreme Court found that because the law provided the plaintiff with another remedy, the plaintiff had failed to state a cause of action for unjust enrichment.[48]

---

[43] 38 So. 3d at 244.

[44] *Id.*

[45] *Id.* (quoting *Mouton v. State*, 525 So. 2d 1136, 1142 (La. App. 1 Cir. 1988).

[46] *Id.*

[47] *Id.*

[48] *Id.* at 244-45.

Louisiana courts have also recognized that where a contract exists, there can be no recovery in quantum meruit under a theory of unjust enrichment.[49] In *Bamburg Steel Buildings, Inc. v. Lawrence General Corp.*, the plaintiff argued that his claim for unjust enrichment should not be dismissed because the contract at issue was allegedly "null and void" because it was illegal.[50] The Louisiana Second Circuit Court of Appeal acknowledged "[i]f successful, this argument would open the door to [plaintiff's] potential recovery under its alternative theory of unjust enrichment."[51] However, the court did not address this issue, because it found that there was no "unjust impoverishment," and therefore the claim for unjust enrichment failed on those grounds irrespective of whether a contract existed.[52]

Neither party disputes that where a contract exists, there can be no recovery under unjust enrichment.[53] However, in opposition to the pending motion, Plaintiff has pointed out that in the complaint it avers that the contract between the parties was canceled prior to the specific incidents that give rise to this dispute.[54] Under Louisiana law, "[t]he existence or nonexistence of a contract is a question of fact and, accordingly, the determination of the existence of a contract is a finding of fact."[55] On a motion to dismiss, the Court must accept all factual allegations, such as the existence

---

[49] *Bamburg*, 817 So. 2d at 438.

[50] *Id.*

[51] *Id.*

[52] *Id.* The court also noted that the argument that the contract was null and void was "disingenuous" because plaintiff had knowingly and willingly entered into the contract. *See id* at 439.

[53] *See e.g., id.* at 438.

[54] Rec. Doc. 63 at p. 2; *see also* Rec. Doc. 76 at ¶¶ 10-11 (third amended complaint).

[55] *Sam Staub Enters., Inc. v. Chapital*, 2011-1050 (La. App. 4 Cir. 3/14/12); 88 So. 3d 690, 693.

9

or nonexistence of a contract, of the plaintiff as true.[56] While dicta, the *Bramburg* court acknowledged that if a contract was no longer in force, a plaintiff could have a viable claim for unjust enrichment.[57] Therefore, for the purposes of the pending motion, the Court must accept Plaintiff's contention that the contract between the parties was canceled, and therefore the Court cannot dismiss the claim of unjust enrichment on the basis of the existence of a contract.

However, Plaintiff does not dispute that if this Court determines that it has any other remedy at law, the pending motion should be granted.[58] In the complaint, Plaintiff has brought an action for delictual conversion. A plaintiff may succeed on this cause of action if he carries his burden to prove "(1) possession is acquired in an unauthorized manner; (2) the chattel is removed from one place to another with the intent to exercise control over it; (3) possession of the chattel is transferred without authority; (4) possession is withheld from the owner or possessor; (5) the chattel is altered or destroyed; (6) the chattel is used improperly; or (7) ownership is asserted over the chattel. "[59] Again, reading the complaint in the light most favorable to Plaintiff and accepting all of its factual allegations as true, Plaintiff has stated a claim for conversion in the complaint. Therefore, this Court must dismiss Plaintiff's alternative claim for unjust enrichment, irrespective of whether Plaintiff is ultimately able to successfully pursue its claim for conversion,[60] because Plaintiff has another remedy available at law. As such, the Court will grant the pending motion and dismiss Plaintiff's claim for unjust enrichment.

---

[56] *See Doe*, 528 F.3d at 418.

[57] 817 So. 2d at 438.

[58] Rec. Doc. 63 at p. 2.

[59] *Dual Drilling Co. v. Mills Equipment Invests., Inc.*, 98-0343 (La. 12/1/98)' 721 So. 2d 853, 857.

[60] *See Walters*, 38 So. 3d at 244.

## V. Conclusion

For the reasons stated above, the Court finds that accepting all Plaintiff's factual allegations as true, Plaintiff has other remedies at law, thereby foreclosing recovery under a theory of unjust enrichment. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Rule 12(b)(6) Re-Urged Motion to Dismiss Plaintiff's Second Amended Petition"[61] is **GRANTED**, and Plaintiff's claim for unjust enrichment is dismissed.

**NEW ORLEANS, LOUISIANA**, this ___25th___ day of April, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[61] Rec. Doc. 60.